Filed 7/12/13  In re C.R. CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re C.R., a Person Coming Under the Juvenile Court Law. | B246282 |
| | (Los Angeles County Super. Ct. No. KJ37025) |
| THE PEOPLE, | |
|     Plaintiff and Respondent, | |
|     v. | |
| C.R., | |
|     Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Charles W. McCoy, Judge.  Affirmed.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \* \* \*

Minor C.R. appeals from an order granting the probation department's petition pursuant to Welfare and Institutions Code section 778[1] to place C.R. in a suitable placement. We appointed appellate counsel to represent her. Appointed counsel filed a brief in which no issues were raised. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) The brief included a declaration from counsel that he reviewed the record and advised C.R. of her right, under *Wende*, to submit a supplemental brief. C.R. did not file a supplemental brief with this court.

The procedural history and facts are as follows: On January 30, 2012, a petition was filed under section 602, alleging C.R. had engaged in prostitution (Pen. Code, § 647, subd. (b)). On March 5, 2012, C.R. admitted the petition and was placed at home on probation for six months.

A subsequent section 602 petition was filed on April 5, 2012, alleging prostitution (Pen. Code, § 647, subd. (b)) and loitering to commit prostitution (Pen. Code, § 653.22, subd. (a)). C.R. denied the allegations, and the matter was tried to the court. The trial court sustained the petition and ordered C.R. to be suitably placed.

On August 7, 2012, a subsequent petition was filed under section 777, alleging C.R. had violated the terms of her probation by leaving her placement without permission (C.R. had gone AWOL). On August 8, 2012, C.R. admitted the petition, and was placed in a three-month Camp-Community Placement Program.

The probation officer's reports documented C.R.'s progress during her camp placement. She generally did well at camp. Initially, C.R. told her probation officer she would like to return home to her mother following camp. However, a subsequent report from C.R.'s therapist revealed C.R. had concerns about returning home. Specifically, she worried she "may return to behaviors she was incarcerated for based on negative environmental influences [at home]." The probation department's 60-day camp progress report indicated the probation officer's contacts with mother had been confrontational.

---

[1] All undesignated statutory references are to the Welfare and Institutions Code.

2

"Mother is very argumentative and says she will refuse services" for C.R. Nevertheless, the report recommended C.R. return home to mother upon completion of her camp program.

On November 27, 2012, the probation department filed a petition under section 778 to modify an earlier placement order, alleging C.R. was scheduled to be released to mother, but mother refused mental health services for C.R., would not enforce the conditions of C.R.'s probation, did not provide the probation department with access to her home to conduct an evaluation, and intended to home school C.R. Because mother denied C.R. needed any services, the petition alleged it would not be in C.R.'s best interests to be returned to mother. Accordingly, the probation department recommended C.R. be suitably placed.

At the hearing on the petition, Supervising Probation Officer Keith Larsen testified he was assigned to investigate whether C.R. should be released to mother following her camp program. When he went to mother's home, mother was uncooperative and stated she did not "want any [after care or wrap-around] services in the home." Also, C.R. had expressed some concerns about returning home, believing she may return to prostitution. According to Larsen, a suitable placement would be in C.R.'s best interests because she could "continue to receive mental health services" and could receive services aimed at children who had been the victims of sexual exploitation. The probation department's previous recommendation that C.R. be returned to mother was a made by mistake; the "camp probation officer initially wanted to recommend suitable placement."

Deputy Probation Officer Victor Sandoval testified he attempted to conduct a home visit at mother's house, and no one answered the door. Mother later called Sandoval and told him she was home when he visited, but would not be disturbed during school hours (she home schools her son). At a meeting between mother, Larsen, Ms. Anderson (another probation officer), and Sandoval, mother said she did not want wrap-around services for C.R. because she did not "want an extra pair of eyes in [her]

3

house." Also, mother did not participate in a Multidisciplinary Team (MDT) assessment to devise a case plan for C.R. Mother intended to home school C.R.

Mother testified she only learned of the MDT assessment minutes before it started and attempted to participate by phone, but the line was busy. Mother admitted she was skeptical about wrap-around services because they were not properly explained to her. She now believes the services would benefit C.R. She would like to home school C.R., as she already home schools her son. She would like C.R. to come home, and is willing to cooperate with the probation department.

The juvenile court sustained the petition and ordered C.R. to be suitably placed. The court declared a maximum term of confinement of eight months, with credit given for 185 days.

We have examined the entire record, consisting of one volume of clerk's transcript and one volume of reporter's transcript, and are satisfied that appointed counsel fully complied with his responsibilities and that no arguable appellate issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106; *Wende, supra*, 25 Cal.3d 436.) We therefore affirm the order below.

## DISPOSITION

The order is affirmed.


GRIMES, J.

We concur:


RUBIN, Acting P. J.


FLIER, J.

4